**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald Joseph KIEFER, Defendant–
Appellant.**

No. 93–2247.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1993.

Decided April 1, 1994.

Robert Richman, Minneapolis, MN, argued, for appellant.

Andrew Stephen Dunne, Minneapolis, MN, argued, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

In this appeal, Ronald Joseph Kiefer argues that when the district court reduced his

sentence under U.S.S.G. § 5G1.3(b) for time served in state prison, it erred by refusing to go below the applicable mandatory minimum. This issue requires us to reconcile a mandatory minimum statute, 18 U.S.C. § 924(e)(1), and the Guidelines provisions for concurrent sentencing. Concluding that the district court has more discretion under the Guidelines than it perceived, we remand for resentencing.

Kiefer was apprehended in February 1992 after robbing a St. Paul, Minnesota, restaurant using a firearm. In April, he was convicted in state court of robbery and assault and sentenced to 63 months in prison. While Kiefer was serving that state sentence, this federal indictment issued and he pleaded guilty to violating 18 U.S.C. § 922(g) by possessing a firearm during the robbery. Kiefer's prior convictions include three violent felonies, making him an armed career criminal under the Guidelines and subject to a mandatory minimum fifteen-year sentence under § 924(e)(1).

Kiefer's Guidelines range sentence is 188 to 235 months in prison. His plea agreement—which the district court accepted—"capped" his sentence at 188 months, eight months more than the § 924(e)(1) mandatory minimum. At sentencing, Kiefer argued, and the district court agreed, (i) that his Minnesota sentence is an undischarged prison term for purposes of § 5G1.3; (ii) that his Minnesota offenses for robbing the St. Paul restaurant "have been fully taken into account in the determination of the offense level" for this § 922(g) conviction; and therefore (iii) that the state and federal sentences should be concurrent under § 5G1.3(b).

Kiefer further argued to the district court that he is entitled to a sentence reduction for the full 14½ months he spent in state custody prior to his federal conviction under Application Note 2 to § 5G1.3, which provides in relevant part:

> When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense.... For clarity, the court should note on the Judgment in a Criminal Case Order that the sentence imposed is not a departure from the guidelines because the defendant has been credited for guideline purposes under § 5G1.3(b) with [the time] served in state custody.

That reduction would result in a federal sentence of 173½ months, which appears to be six and one-half months less than the 180–month minimum mandated by § 924(e)(1).

The district court applied Application Note 2 to the time Kiefer had served in state prison but concluded: "I am not authorized under [§ 5G1.3(b)] to impose a sentence of less than 180 months, the 15–year minimum." Therefore, instead of reducing Kiefer's sentence by the entire period he served in state prison, the court reduced it by eight months to the 180–month mandatory minimum.

On appeal, Kiefer argues that § 5G1.3 required the district court to reduce his federal sentence for the entire 14½ months he served in state prison after the February 1992 armed robbery. Although § 5G1.3 is silent regarding its interplay with statutory mandatory minimum sentences, Kiefer urges us to conclude that § 924(e)(1) is satisfied if the total sentence imposed under § 5G1.3(b), including any credited time served in state prison, is equal to or greater than the mandatory fifteen-year minimum. The government contends that the Guidelines expressly defer to statutorily mandated sentences, *see* § 5G1.1(b), and therefore the district court correctly concluded it lacked authority under § 5G1.3 to sentence Kiefer to less than the fifteen years mandated by § 924(e)(1).

A. At the outset we confront a jurisdictional issue. The government argues that this is a sentence credit question committed to the primary jurisdiction of the Bureau of Prisons under 18 U.S.C. § 3585(b) as construed in *United States v. Wilson*, — U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Certainly, if this appeal is unsuccessful, Kiefer may eventually urge the Bureau of Prisons to grant him the additional sentence credit when he begins serving his federal sentence.[1] But in this appeal Kiefer seeks to

---

1. Because the time Kiefer served in state prison was credited against his Minnesota sentence, he

invoke a Guidelines provision to reduce his federal sentence. That is a question for the sentencing court, and we find nothing in *Wilson* suggesting that the Attorney General's authority under § 3585(b) limits a sentencing court's power to apply § 5G1.3 of the Guidelines. Therefore, we agree with the district court that it had jurisdiction to consider this § 5G1.3 issue.

■ B. Section 924(e)(1) provides that, if a person with three prior violent felony convictions violates § 922(g), "such person shall be ... imprisoned not less than fifteen years." The issue here, as we see it, turns on the meaning of the word "imprisoned": when the Guidelines mandate that state and federal sentences be served concurrently, is a defendant "imprisoned" for purposes of the mandatory minimum federal sentence during the time he serves on the concurrent state sentence prior to his federal conviction?

A defendant who has spent time in "official detention" prior to the commencement of a § 924(e)(1) mandatory minimum sentence is eligible for the sentence credit afforded by 18 U.S.C. § 3585(b). Although we have found no published decisions confirming that principle, nothing in § 3585(b) suggests that it does not apply to mandatory minimum sentences, and the absence of cases testing the point suggests that the Bureau of Prisons does apply § 3585(b) credits against mandatory minimum sentences.[2] That principle is important to the case at hand, for it demonstrates that in appropriate circumstances time served in custody prior to the commencement of the mandatory minimum sentence is time "imprisoned" for purposes of § 924(e)(1).

Sentence credit problems become more complex in the case of multiple prosecutions. To begin with the simplest example, if Minnesota had convicted Kiefer only of being a felon in possession of a firearm at the St. Paul restaurant, and then the federal government convicted him of the same offense,[3] would he be entitled to credit for time served in prison for the state violation? Presumably not under § 3585(b), because his time served in state custody was credited against his state sentence. However, the Guidelines address this issue in § 5G1.3. In general, § 5G1.3 is intended to result in a federal sentence "that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time." § 5G1.3, comment. (backg'd). In this example, § 5G1.3(b) and Application Note 2 require not only concurrent sentences[4] but also a credit for time previously served on a state conviction for the identical offense.

Would the fact that the federal sentence is subject to a mandatory minimum sentence enhancement under § 924(e)(1) prevent this application of § 5G1.3(b)? Again there are no cases on point. Section 924(e)(1) was enacted after the Sentencing Reform Act. The Reform Act provides that the district courts must determine whether sentences should be concurrent or consecutive. *See* 18 U.S.C. § 3584(b). In doing so, the court "shall consider," among other factors, "the kinds of sentence ... set forth in the guidelines." 18 U.S.C. § 3553(a). Section 5G1.3 is part of that sentencing regime. Since in this example Kiefer was "imprisoned" by Minnesota for the identical firearms offense, we conclude that there would be no violation of the plain language of § 924(e)(1), and that these various sentencing statutes would be properly harmonized, if § 924(e)(1) were construed to permit the sentencing court to give Kiefer a sentence credit in the form of a reduced federal sentence under § 5G1.3(b).

does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit for time "that has not been credited against another sentence." *See United States v. Dennis,* 926 F.2d 768, 770 (8th Cir.1991); Bureau of Prisons Program Statement No. 5880.24, Sentence Computation Jail Time Credit, ¶ 5(c) (Sept. 5, 1979).

**2.** We note that the government could have but did not raise this issue in *United States v. Edwards,* 960 F.2d 278 (2d Cir.1992).

**3.** There is no double jeopardy bar to different sovereigns prosecuting the identical offense. *See, e.g., United States v. Talley,* 16 F.3d 972, 973–74 (8th Cir.1994).

**4.** Concurrent sentencing principles apply to firearms violations such as § 922(g). *See* U.S.S.G. §§ 3D1.2(d), 5G1.2(b).

 

That brings us to Kiefer's actual case, in which his Minnesota and federal violations arose out of a single course of conduct but the two sovereigns elected to charge him with different crimes. Despite this difference, § 5G1.3(b) makes Kiefer's state sentence concurrent with his federal firearms sentence, and the sentence reduction provisions of Application Note 2 still apply. It can nonetheless be argued that the time Kiefer served in state prison for these different offenses may not be considered time he was "imprisoned" for purposes of § 924(e)(1). But that restrictive construction would frustrate the concurrent sentencing principles mandated by other statutes. Unlike a § 924(c)(1) mandatory minimum sentence, which may not be made concurrent with the sentence for any other offense, § 924(e)(1) does not forbid concurrent sentencing for separate offenses that were part of the same course of conduct.[5] In these circumstances, although the issue is not free from doubt, we conclude that time previously served under concurrent sentences may be considered time "imprisoned" under § 924(e)(1) if the Guidelines so provide. Therefore, the district court erred in stating that it had *no* discretion under § 5G1.3(b) to reduce Kiefer's mandatory minimum sentence for the time he served in state prison as a result of the same course of conduct.

C. Because we cannot ascertain from the sentencing record how the district court would have exercised this greater discretion under § 924(e)(1) and § 5G1.3(b), we must remand for resentencing. In doing so, we note a further sentencing complexity the parties seem to have overlooked.

Two weeks before he robbed the St. Paul restaurant, Kiefer robbed a bingo parlor in Fargo, North Dakota. In July 1992, he was convicted of robbery in North Dakota state court and sentenced to serve four years in prison concurrently with the Minnesota sentence here at issue. Unlike the Minnesota robbery, the North Dakota robbery did not involve the same conduct as Kiefer's federal firearms offense. Thus, even if the time served for the Minnesota robbery could be applied against his § 924(e)(1) mandatory minimum sentence, an additional question is whether the time served from July 1992 until his federal conviction in May 1993—which he was serving for his North Dakota conviction as well—may reduce his mandatory minimum federal sentence under § 5G1.3. *See, e.g., United States v. Darud,* 886 F.2d 1034, 1035–36 (8th Cir.1989), *cert. denied,* 493 U.S. 1031, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990).

The judgment of the district court is reversed and the case is remanded for resentencing.

---

5. In the Sentencing Reform Act, § 924(c) was "completely revised to ensure that all persons who commit Federal crimes of violence … receive a mandatory sentence, without the possibility of the sentence being made to run concurrently with that for the underlying offense or for any other crime." S.Rep. No. 225, 98th Cong., 1st Sess. 313 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3491. Language prohibiting concurrent sentencing was not included in § 924(e)(1) when it was enacted two years later.