**UNITED STATES of America, Plaintiff,**

v.

**Charles TATUM, Jr., Defendant.**

**Criminal No. 3–96–10.**

United States District Court, D. Minnesota, Third Division.

Aug. 16, 1996.

Andrew Stephen Dunne, United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Katherian D. Roe, United States Public Defenders Office, Minneapolis, MN, for Defendant.

**STATEMENT OF REASONS FOR IMPOSING SENTENCE**

DAVIS, District Judge.

**I. FINDINGS OF FACT**

Pursuant to the Federal Rules of Criminal Procedure, the probation office has conducted an extensive presentence investigation (PSI) in this matter. *See* Rule 32(c), Fed. R.Crim.P.; 18 U.S.C. § 3552. Neither party raises any objections to the factual statements contained in the PSI (as amended), therefore, the Court adopts those statements as its findings of fact.

As detailed in the PSI, on January 17, 1996, the defendant was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The defendant later pled guilty to the federal firearms offense in May, 1996. The subject firearms were the products of a series of residential burglaries in which the defendant did not participate. Rather, defendant bought the stolen firearms from another individual who actually committed the crimes. The defendant is currently serving a 22–month sentence in state custody on a felony theft conviction in connection with the same firearms. To date, the defendant has served approximately eleven months on the state sentence.

## II. PURPOSES

The defendant was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The statutory minimum sentence for this offense is 15 years or 180 months. 18 U.S.C. § 924(e)(1). The sentence that the Court imposes is intended to punish the defendant and deter the defendant from committing crimes in the future.

## III. APPLICATION OF THE GUIDELINES

The Court adopts the following applicable guideline calculations contained in the amended PSI:

| | |
|---|---|
| Total Offense Level: | 30 |
| Criminal History Category: | 28 (Category VI) |
| Imprisonment Range: | 168 to 210 months |
| Supervised Release: | 3 to 5 years |
| Fine Range: | $5,000 to $150,000 |
| Special Assessment: | $50 |

## IV. SENTENCE

The Court imposes the following sentence: 169 months imprisonment to run concurrently with the state sentence for which the defendant is currently serving; three years of Supervised Release; and the $50 Special Assessment. The applicable mandatory minimum sentence has been credited by 11 months for the time served in state custody pursuant to U.S.S.G. § 5G1.3(c).

## V. STATEMENT OF REASON

By motion, the Defense has requested the Court to run the defendant's federal and state sentences concurrently and to credit the federal sentence by 11 months to account for the time that the he has served on the state sentence. The United States does not object to the defendant's requests. For the reasons set forth below, the Court grants the defendant's motion pursuant to Section 5G1.3(c) of the U.S.S.G.

Crediting the defendant's sentence in this case essentially amounts to a downward departure from the mandatory minimum sentence of 15 years. See 18 U.S.C. 924(e)(1). Section 5G1.3 of the Guidelines addresses sentencing for federal offenses where an "undischarged term of prison" is involved. Section 5G1.3, therefore, serves as the source of the Court's authority to downwardly depart. Sections 5G1.3(b) and (c) provide:

(b) If ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense *shall* be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense *may* be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The Eighth Circuit has held that the Court has authority and discretion under 5G3.1(b) to run concurrent sentences and credit jail time, even if by doing so results in a sentence below the mandatory minimum of 924(e)(1). *United States v. Kiefer,* 20 F.3d 874 (8th Cir.1994). The plain language in Section 5G3.1(b) makes clear that it only applies when the "undischarged term of imprisonment" results from an offense that "has been fully taken into account in the determination of the offense level" of the instant federal offense. *See* Application Notes 2, 5 to § 5G1.3. In this case, the defendant's state conviction was not "fully taken into account" in the determination of the base offense level for the instant firearms offense. Section 5G1.3(b), therefore, does not apply. The defendant urges the Court to run the sentences concurrently and credit the federal sentence, nonetheless, under Section 5G1.3(c).

Whether the Court may exercise authority and discretion under 5G1.3(c) to do what it is required to do under 5G1.3(b), is a question that has not yet been addressed. The Court finds defendant's arguments in support of Section 5G3.1(c)'s application persuasive. The defendant argues that the reasoning and analysis in *Kiefer* is just as relevant here. This case is much like *Kiefer.* Both cases involve defendants whose federal and state violations arose out of a single course of conduct but the two sovereigns charged them with different crimes. Both defendants argue that the court should credit all of the time served in state prison for the state

**544**

offense, even if it results in a sentence below the applicable mandatory minimum. Unlike *Kiefer*, though, defendant Tatum's state offense was not a "violent felony" under 18 U.S.C. § 924(e), *see also* U.S.S.G. § 4B1.4, which triggers the application of Section 5G3.1(b). As a matter of logic, however, that difference should not impact the outcome in this case. In fact, as the defendant asserts, by not extending the *Kiefer* analysis here, the Court would essentially embrace the apparent "conundrum in the guidelines" that requires the Court to give jail credit to a person who is serving state time for using a firearm in connection with a crime of violence, but allows the Court discretion to deny the same to a person who used a firearm in connection with a non-violent offense.

Furthermore, as the United States notes, Section 5G1.3(c) was amended in order to provide the Court with more discretion in determining the appropriate sentence when an "undischarged term of imprisonment" is involved. *See* U.S.S.G. § 5G1.3(c)(Background); Application Notes 3–5. The facts and circumstances in this case present an appropriate opportunity for the Court to exercise that discretion. *See* 18 U.S.C. §§ 3584(a), 3553(a).

For the foregoing reasons, the Court hereby orders the defendant's federal sentence to run concurrently with his state sentence and to be credited by 11 months based on the time he has served on the state sentence. Imprisonment of 169 months followed by 3 years of supervised release will effectuate the purpose of the sentencing guidelines.

During the period of supervised release, the defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission. The defendant shall not commit any crimes, federal, state, or local. In addition, the defendant shall not possess any firearms or other dangerous weapons. The Court recognizes that defendant is indigent. Therefore, because of defendant's inability to pay, the Court does not order defendant to pay a fine or costs of supervision.