**Filed 1/2/97**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,⁣ )
⁣ )
Plaintiff-Appellee, )
⁣ )
v. ) No. 96-3107
⁣ ) (D.C. No. 95-CR-40039)
ROMAN CUEVAS, ) (D. Kansas)
⁣ )
Defendant-Appellant. )

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **LOGAN** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Roman Cuevas appeals the sentence imposed by the district court after he pleaded guilty to one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

On appeal defendant argues that (1) the district court refused to impose defendant's federal sentence concurrent from the beginning of his previously imposed state court sentence because the court was unaware that it had discretion to do so; (2) we have jurisdiction to review defendant's claims of error in guideline calculation concerning role in the offense despite the downward departure by the district court; and (3) the district court erred in enhancing defendant's sentence for his role in the offense under USSG § 3B1.1(b) because there was no evidence to support a finding that defendant functioned as a manager or supervisor.

Defendant was charged with conspiring with David Halley and others to possess with intent to distribute and to distribute in excess of five kilograms of cocaine. When he was indicted, defendant was serving a California state sentence for possession of a controlled substance and for being a felon in possession of a firearm. Defendant was brought to federal court through a writ of habeas corpus ad prosequendum. He pleaded guilty to the one-count indictment; in return the government agreed to and did file a motion for a downward departure "wherein the defendant would be eligible to receive a sentence of 13 years imprisonment," based on assistance to the government. I R. 39. The government made no promises on whether defendant's sentence should run concurrently

with or consecutive to the California sentence or as to what the defendant's sentence should be. The presentence report calculated a total offense level of thirty-six and a criminal history category of five, resulting in an imprisonment range from 292 to 365 months. Defendant initially made several objections to the presentence report, but he withdrew them after the court told defendant that the "tentative" sentence was thirteen years. II R. 2-3. Although defendant requested that the sentence run concurrently from the beginning of his state sentence, the court ordered the sentences to run concurrently only from the time defendant was placed in custody on the federal writ.

Defendant argues that the district court refused to run his federal sentence concurrently from the beginning of his state sentence, believing it lacked authority to do so.[1] We review the district court's factual findings at sentencing under the clearly erroneous standard, and its interpretation and application of the guidelines de novo. United States v. Johnson, 42 F.3d 1312, 1320 (10th Cir. 1994 ), cert. denied, 115 S.Ct. 1439 (1995). A district court's generally broad discretion to sentence a defendant to a consecutive or concurrent sentence, 18 U.S.C. § 3584 (a) and (b), is limited by factors set out in 18

---

[1] The government argues defendant did not preserve this issue. But defendant's counsel twice requested the court run the federal sentence concurrently from the beginning of the state sentence. II R. 7-8, see infra n.3. After talking with the probation officer, the court, believing it had no authority to do so, stated "I can't do that, but it will be concurrent from the time we took him over." Id. We read defense counsel's response of "Okay. Well, thank you Judge. That would be all I would ask for," id., as merely indicating closure on the sentencing issues.

3

U.S.C. § 3553(a) and USSG § 5G1.3. United States v. McCarty, 82 F.3d 943, 950 (10th Cir.), cert. denied, 117 S.Ct. 257 (1996).

Defendant first asserts that USSG § 5G1.3(b) and the commentary require not only concurrent sentences but also credit for time previously served on the state conviction.[2] We agree with the government, however, that USSG § 5G1.3(b) does not apply because defendant's state convictions were not fully considered in assessing the federal offense level.

Defendant's fifty-six-month sentence in California was for possession of cocaine and for being a felon in possession of a firearm. The presentence report specified a base offense level of 34 for distribution of 36 kilograms of cocaine, USSG § 2D1.1(c)(3), and a two-level increase for use of a dangerous weapon, id. § 2D1.1(b)(1). Defendant asserts that his state offenses were fully taken into account in these calculations: he received no criminal history points for the state offenses because that "case resulted from conduct that

_____

[2] USSG § 5G1.3(b), as relevant, provides "If . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." And application note 2 states, "When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Id. comment. (n.2). Defendant points out that the Bureau of Prisons will not credit his federal sentence for the time spent in state custody because he earned credit for that time on a state sentence. See 18 U.S.C. § 3585(b)(2); United States v. Kiefer, 20 F.3d 874, 875-76 n.1 (8th Cir. 1994).

4

was part of the instant offense," III R. ¶ 36, and the government's estimate of the total cocaine distributed in the federal conspiracy, 36 kilograms, included the 48.2 grams of cocaine considered by the California court. Id. ¶ 14. But none of these adjustments took into account defendant's state conviction for being a felon in possession of a firearm. Cf. McCarty, 82 F.3d at 951 ("[i]ncreasing a defendant's offense level by noting that a defendant used a firearm to commit a previous felony does not take into account the substantive aspects of the underlying felony any more than noting that the felony occurred in the afternoon, on a sunny day or in an urban area").

We do agree, however, with defendant's alternative argument that USSG § 5G1.3(c) applies to this case and provides the court with discretion to impose a sentence that would give defendant credit for all of the time he previously served on the state conviction. That section provides: "(Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c), p.s.

We read the colloquy between the district judge, the probation officer, and counsel to indicate that the district judge believed he did not have the power to impose a sentence that would give credit for time previously served on the California sentence.[3] This may

---

[3] At sentencing after defendant's counsel asked the district court under USSG § 5G1.3 to make the sentence run concurrent with the sentence defendant was serving in

(continued...)

5

be understandable because § 5G1.3(c) and the commentary were expanded and made to

_____

³(...continued)
California--based on the assertion that all of the conduct in the California case was taken into consideration in the instant case--the following exchange took place:

THE COURT: What's the position of the probation department on that?

[Probation Officer]: Your Honor, I don't believe that would be a problem. He would only be given credit for the date of the sentence and the time that he spent out on writ. So the time that he spent out on federal writ until the date of the sentence, he'll be given credit for that.

THE COURT: Well, he wants a concurrent sentence with the sentence--

[Probation Officer]: Right, it can be concurrent since this time, but from what I understand from other cases is that he won't be given credit from the time of the beginning of his California sentence. He will only be given time from the time that he was out on writ in this case.

THE COURT: But that continues through the rest of his state sentence?

[Probation Officer]: Right, through the rest of his sentence.

THE COURT: That's what you're asking for, isn't it?

[Defense Counsel]: Well, Your Honor, actually, since all of the conduct did occur and was taken into consideration in this case, we would like credit from the time he started his California sentence.

THE COURT: Well, I can't do that, but it will be concurrent from the time that we took him over.

II R. 7-8.

6

state explicitly that "concurrent" and "partially concurrent" sentences could be given in subsection (c) situations, effective November 1, 1995, not long before the sentencing proceeding we here review. See USSG App. C, amend. 535. Therefore, we must remand for the court to reconsider this decision.

Defendant next asserts that the district court erroneously applied the role in the offense enhancement and reasons that if his guideline range been lower the court would have departed further downward below the 156 months to which he was sentenced. When a defendant does not challenge correctness of the guideline range but complains that the district court's grant of a downward departure is too small we have no jurisdiction. United States v. Bromberg, 933 F.2d 895, 896 (10th Cir. 1991). Defendant argues, however, that even though the sentence was a downward departure, because the sentence was based on a misapplication of the guidelines, he may appeal under 18 U.S.C. § 3742(a)(2); see United States v. Lawal, 17 F.3d 560, 562-63 (2d Cir. 1994). We agree that if defendant should succeed in his argument on his role in the offense, he would have established a misapplication of the guidelines and would be entitled to resentencing. If the court did not err in determining defendant's role in the offense, then he may not appeal his sentence under 18 U.S.C. § 3742(a)(2). Therefore, to determine whether we have jurisdiction we must look at the merits of defendant's argument. See United States v. Garcia, 919 F.2d 1478, 1480 (10th Cir. 1990) ("Sometimes the task of determining jurisdiction is little different from deciding the merits of the appeal.").

The government also argues that by withdrawing any objections to the presentence report guideline calculations defendant waived this argument.[4]  Although we generally do not consider an argument raised for the first time on appeal, Hicks v. Gates Rubber, 928 F.2d 966, 970 (10th Cir. 1991), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Fed. R. Crim. P. 52(b).  As defendant points out, his claim that the evidence was insufficient to show he was a supervisor or manager under USSG § 3B1.1(b) is primarily a question of law that we review de novo.  See United States v. Brown, 995 F.2d 1493, 1501 (10th Cir.), cert. denied, 510 U.S. 935 (1993).

The presentence report and addendum contain evidence defendant did not refute with evidence of his own on which the district court could properly find that defendant was a manager or supervisor, including:  defendant recruited his brother to take over for him while he was in jail in California, see III R. ¶ 83; he recruited his parents to assist in laundering money, id.; he exercised control over David Haley, who distributed the cocaine, id. at ¶¶ 83 and 84, and there were at least five participants, see id. at ¶ 82.  Because the district court did not misapply the guidelines, we do not have jurisdiction to review his sentence.  See 18 U.S.C. § 3742(a)(1) and (2).

---

[4]  In his reply brief defendant acknowledged that he failed to preserve the issue whether the district court erred in applying the § 2D1.1 firearm enhancement, and because that determination is one of fact, we cannot review it, even for plain error, on appeal.  See United States v. Saucedo, 950 F.2d 1508, 1518 ( 10th Cir. 1991).

AFFIRMED IN PART and REVERSED for the limited purpose of allowing the district court to reconsider whether to exercise its discretion to run defendant's thirteen-year sentence concurrently from the beginning of his state court sentence, or any point thereafter.

Entered for the Court

James K. Logan
Circuit Judge