**Lynn E. EASLEY, Petitioner–
Appellant,**

v.

**E.A. STEPP, Respondent–Appellee.**

No. 00–2564.

United States Court of Appeals,
Seventh Circuit.

Submitted March 12, 2001.*

Decided March 13, 2001.

Before BAUER, KANNE, and
ROVNER, Circuit Judges.

ORDER

Lynn E. Easley appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to alter his sentence by awarding credit for time served under federal and state custody before his federal sentencing. The district court found that such credit could not be awarded and denied Easley's petition. We affirm.

On August 7, 1991, Easley was convicted in state court for possession of cocaine and sentenced to six years' imprisonment. While he was serving that sentence at Hillsboro Correctional Center, federal authorities obtained a writ of habeas corpus ad prosequendum and moved Easley to a federal facility on December 5, 1991. A federal jury subsequently convicted Easley of cocaine distribution on February 11, 1992, see *United States v. Easley*, 994 F.2d 1241 (7th Cir.1993), and on June 22, 1992,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the district court sentenced him to 15 years' imprisonment. The district court determined that Easley's federal sentence should run concurrently with his undischarged state sentence, beginning on the date of his federal sentencing-June 22, 1992. Easley was then returned to a state facility, where he remained until he was paroled to federal officials in October 1993 to complete the remainder of his federal sentence.

After exhausting his administrative remedies, Easley filed a petition for a writ of habeas corpus under § 2241, claiming that he should have received credit against his federal sentence for the time spent in custody during three time periods: 1) August 7, 1991–June 22, 1992, the time between his state sentencing and his federal sentencing; 2) December 5, 1991–June 22, 1992, the time he was housed in a federal facility on a writ of habeas corpus ad prosequendum; and 3) February 11, 1992–June 22, 1992, the time between his federal conviction and his federal sentencing. The district court denied the petition. It concluded that Easley was not entitled to credit under 18 U.S.C. § 3585(b), the statute governing how federal credit for time served in previous custody should be awarded. The district court determined that he was ineligible for credit for the time he served on his state sentence (August 7, 1991 to June 22, 1992) because the state had previously credited him for that time, and § 3585(b) prohibits the award of federal credit for time spent in custody that has already been credited against another sentence. Furthermore, the district court found Easley ineligible for federal credit under § 3585(b) for the time spent in federal confinement on the writ of habeas corpus ad prosequendum (December 5,

1991 to June 22, 1992) because during that time, Easley remained under the control of the state and therefore received state credit.[1] This timely appeal followed.

■ Easley first argues that he should have received federal credit for the time he spent in state custody before his federal sentencing date because the district court ordered these "related" sentences to run concurrently. Section 3585(b) requires that a defendant be given credit for qualifying prior custody as long as the prior custody "has not been credited against another sentence." 18 U.S.C. § 3585(b). But because Easley was paroled from state custody after serving more than two years of a six-year sentence, the state officials already credited that time toward the completion of Easley's state sentence. As a result, Easley's time in prior custody from August 7, 1991 to June 22, 1992 was previously counted against his state sentence and therefore cannot be counted against his federal sentence. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir.2000).

Easley urges us to rely on the First Circuit's decision in *United States v. Benefield*, 942 F.2d 60, 67 (1st Cir.1991), which permitted an award of pre-sentence credit on a federal sentence for time credited toward service of a related state sentence. We have not embraced this reasoning, however. As we have stated, " § 3585(b) forbids ... giving credit for pre-sentence custody when that credit has been applied against another sentence." *See Ross*. 219 F.3d at 594. Easley's citation to *United States v. Kiefer*, 20 F.3d 874 (8th Cir.1994), is similarly unavailing. *Kiefer* held that a sentencing court had authority under U.S.S.G. § 5G1.3(b) to grant a defendant credit on his federal sentence for all the

---

1. The district court concluded, and we agree, that the third period (February 11, 1992 to June 22, 1992) is subsumed within the first two periods and therefore need not be addressed separately.

time served before the federal sentencing in state custody on a related state charge. *See Kiefer*, 20 F.3d at 877. But *Kiefer* was a direct appeal involving a challenge to the application of a sentencing guideline provision; its procedural posture thus differs from Easley's, which involves a petition for a writ of habeas corpus under 28 U.S.C. § 2241. If Easley has concerns about how the sentencing guidelines were applied in his case, the appropriate vehicle to seek relief is a motion under 28 U.S.C. § 2255. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir.1996); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir.2000).

■ Similarly, the district court properly concluded that Easley is not entitled to credit for the time he served in a federal facility on a writ of habeas corpus ad prosequendum (December 5, 1991 to June 22, 1992). When Easley was moved to the federal facility, he was still serving his state sentence and receiving state credit for that time. Thus, time spent in federal custody under a writ of habeas corpus ad prosequendum is not creditable toward the federal sentence. *See Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir.1992) (per curiam). We are not persuaded, therefore, by Easley's contention that the length of time he spent on the writ of habeas corpus ad prosequendum "transmuted" into federal custody. A prisoner detained under a writ of habeas corpus ad prosequendum remains in the primary custody of the "sending sovereign"-here the state-until that sovereign relinquishes jurisdiction over him. *See Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir.1999); *see also Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000).

■ Easley next argues that even if credit is not generally given for time served on a writ of habeas corpus ad prosequendum, we should nonetheless grant him credit under our equitable powers.

This court has yet to decide whether such an equitable power even exists, *see Jake*, 173 F.3d at 1066, and we need not decide that question here because we see nothing in Easley's circumstances justifying the exercise of the equitable power. Although Easley spent seven months in a federal facility before he was sentenced, there was no malfeasance by federal authorities. *See id.* at 1066–67 (declining to exercise equitable powers in four-year delay because there was no evidence of malfeasance by federal authorities). Therefore, the district court properly concluded that Easley could not receive credit for any of the time periods alleged in his § 2241 petition, and thus the petition to alter his sentence was properly denied.

Accordingly, the judgment of the district court is AFFIRMED.