IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40595
Conference Calendar
_____


TERRY ANTHONY SMITH,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-677
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Terry Anthony Smith, federal prisoner # 04120-078, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he sought to have his sentence corrected to include credit for time spent in Texas custody pursuant to 18 U.S.C. § 3585(b) and U.S.S.G. § 5G1.3(b). Smith's arguments on appeal make it clear that the relief he is seeking, although he filed a 28 U.S.C. § 2241 petition, is properly the subject of a 28 U.S.C. § 2255 proceeding. Smith is not actually seeking sentencing credit which might be granted by the Bureau of Prisons. He is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's alleged misapplication of the sentencing guidelines, in particular, § 5G1.3(b), at sentencing. He is challenging the imposition of his sentence by the trial court, not the execution of his sentence. He cites United States v. Dorsey, 166 F.3d 558 (3rd Cir. 1999) and United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994) in support of his argument that the district court should have reduced his sentence at the time of imposition to account for time spent in state custody for his state conviction based on the same facts.

Smith's reliance upon Dorsey and Kiefer and application note 2 to § 5G1.3 is misplaced. Those cases were both direct appeals. Whether the district court should have reduced his sentence pursuant to § 5G1.3 is an issue that challenges the correctness of his sentence and as such should have been raised on direct appeal or in his first motion to correct an illegal sentence pursuant to 28 U.S.C. § 2255. The district court did not err in construing his § 2241 petition as a § 2255 motion. Section 2255 did not offer an inadequate and ineffective remedy. His claim could have been addressed on direct appeal or in his first § 2255 motion if he had raised it in the context of a constitutional argument. Considering the numerous challenges Smith has made to this conviction and sentence, this appeal is DISMISSED AS FRIVOLOUS. See 5TH CIR. R. 42.2.