# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3566

_____

United States of America,      *
     *
         Appellee,      *
     *   Appeal from the United States
      v.      *   District Court for the
     *   Eastern District of Arkansas.
Bruce Wayne Hurley,      *
     *
         Appellant.      *

_____

Submitted: October 12, 2005
Filed:  March 13, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Bruce Wayne Hurley pleaded guilty to conspiracy to distribute methamphetamine in violation of 18 U.S.C. § 371 and 21 U.S.C. § 841(a)(1), and use of a communication facility in the commission of a felony in violation of 21 U.S.C. § 843(b). The district court[1] sentenced him to ninety months of imprisonment. Hurley appeals his sentence contending the district court misapplied United States Sentencing Guideline (U.S.S.G.) § 5G1.3 by failing to give him credit for time spent in custody on a related state sentence.  We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

# I

On back-to-back days in January 2002 (January 23 and 24), Hurley sold methamphetamine to a confidential informant working with an Arkansas state drug task force. The State of Arkansas charged Hurley with delivery of a controlled substance based on the January 23 transaction. He pleaded guilty to that charge and received a sentence of forty-eight months; thirty-six months were suspended to run consecutive to a state parole violation.

The United States also brought charges against Hurley for illegal conduct which included the same two drug transactions. Hurley entered into a plea agreement with the government stipulating to a drug amount which excluded the drugs involved on January 23. Under the plea agreement, the parties contemplated Hurley would receive a sentence of 108 months.

At the time of sentencing, Hurley requested the district court give him credit for thirty-two months[2] served on the related state charge pursuant to § 5G1.3. Concluding § 5G1.3 did not apply, the district court gave Hurley no credit for time served on the state sentence, but also did not impose the 108 month sentence contemplated by the plea agreement. Instead, the district court imposed a sentence of sixty months on the drug conspiracy count (which carried a five-year maximum) and a consecutive thirty-month sentence on the second count to accomplish a total sentence of ninety months, which fell within the advisory guideline range of 77- 96 months as calculated by the district court. Hurley filed a timely appeal challenging only the district court's failure to give him credit for time served on the related state charge pursuant to § 5G1.3.

---

[2]Hurley's appellate counsel was unable to explain how Hurley's trial counsel arrived at this figure, but we assume the thirty-two month figure included twelve months of actual jail time Hurley had served on the related state charge.

II

Reviewing the district court's interpretation and application of § 5G1.3 de novo, United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005), we conclude § 5G1.3 does not apply to Hurley's situation.  Section 5G1.3 requires a federal sentence be run concurrent to an undischarged term of imprisonment[3] and the defendant be given credit for any time already served on an undischarged term of imprisonment only when two conditions are met:  1) the "term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the [Guidelines' Relevant Conduct provisions;]" and 2) that relevant conduct "was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)."  U.S.S.G. § 5G1.3(b)(1) & (2).

The second condition was not present here.  Hurley's conduct on January 23 was not the basis for an increase in his offense level because the amount of drugs to which he stipulated in his plea agreement did not include the amount involved in the January 23 transaction.  The mere fact the federal conspiracy charge encompassed a time period during which the state offense occurred had no effect on Hurley's offense level under the guidelines, a prerequisite to triggering the credit-for-time-served provisions of § 5G1.3(b).

Hurley further contends the district failed to recognize its authority to reduce the sentence under § 5G1.3(c), if not § 5G1.3(b).  This argument is a non-starter because it has a flawed premise.  Subsection (c) does not allow a court to reduce a

---

[3]Since we conclude § 5G1.3 does not apply in any event, we need not decide whether Hurley was under an "undischarged term of imprisonment" after he had already served the twelve months of actual jail time on the forty-eight month state sentence.  Cf. French v. United States, 46 F.3d 710, 717 (8th Cir. 1995) (interpreting South Dakota law and concluding a person released on parole is considered subject to an undischarged term of imprisonment for purposes of § 5G1.3).

sentence directly, which is what Hurley requested.  Subsection (c) only allows a court to run a sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment."  U.S.S.G. § 5G1.3(c).  In other words, a defendant's total punishment may be indirectly reduced if a court runs a federal sentence concurrent or partially concurrent to a prior undischarged term of imprisonment.  But doing so does not directly reduce the length of the federal sentence.  Hurley wanted the district court to directly reduce the length of his sentence by giving him credit for time already served on the state offense.  There is no provision under § 5G1.3(c) for granting credit for time served.

## III

We affirm the judgment of conviction and sentence in all respects.

_____