# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2716

_____

United States of America,          *
                                          *

          Appellee,           *

                                          *   Appeal from the United States
      v.                          *   District Court for the
                                          *   Eastern District of Missouri.

Marvin Alton McKay,          *

                                          *       [UNPUBLISHED]

          Appellant.         *

_____

Submitted: August 28, 2007
Filed: September 4, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal of his 180-month prison sentence for being a felon in possession of a firearm, Marvin McKay (McKay) argues (1) the district court[1] erred in refusing to give him credit under U.S.S.G. § 5G1.3 for 212 days he served on a state conviction for resisting arrest by fleeing, and (2) he was entitled under the Sixth Amendment to a jury determination of his prior convictions before receiving a sentence enhancement based on those convictions.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Upon de novo review, see United States v. Hurley, 439 F.3d 955, 957 (8th Cir. 2006) (stating the district court's interpretation and application of § 5G1.3 is reviewed de novo), we conclude the court did not err in sentencing McKay to the statutory minimum of 180 months' imprisonment. Although the district court had the authority to sentence McKay below the statutory minimum, if McKay qualified for the credit under § 5G1.3(b), see United States v. Kiefer, 20 F.3d 874, 877 (8th Cir. 1994) (explaining, when applying § 5G1.3(b) to give credit for time served, a district court has discretion to reduce the sentence below the statutory minimum), McKay did not qualify for the credit because his state offense was not the basis for an increase in his offense level. See U.S.S.G. § 5G1.3(b) (declaring, to qualify for credit, the state offense must have been "relevant conduct to the instant offense" and "the basis for an increase in the offense level for the instant offense"). McKay received no offense-level increase on the basis he resisted arrest by fleeing. Cf. Hurley, 439 F.3d at 957 ("The mere fact the federal conspiracy charge encompassed a time period during which the state offense occurred has no effect on [the defendant's] offense level under the guidelines, a prerequisite to triggering the credit-for-time-served provisions of § 5G1.3(b)."); United States v. Meyers, 401 F.3d 959, 962 (8th Cir. 2005) (concluding § 5G1.3(b) did not apply where the defendant's federal sentence was enhanced because of his use of a stun gun during an abduction, because the state conviction he served time for–unlawful use of a weapon–involved a different gun that he pulled on the police officer who arrested him).

As to the Sixth Amendment issue, McKay's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 243-46 (1998) (holding that recidivism, as a basis for increasing a sentence, need not be charged in an indictment and may be subsequently decided by the court at sentencing), which is still good law. See United States v. Strong, 415 F.3d 902, 907 (8th Cir. 2005) (construing United States v. Booker, 543 U.S. 220 (2005), as reaffirming the holding in Almendarez-Torres).

For these reasons, we affirm.

_____