# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3169

_____

United States of America,    *
                             *
            Appellant,       *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    District Court of North Dakota.
Darrin Bernard Raysor,       *
                             *
            Appellee.        *

_____

Submitted: October 20, 2011
    Filed:  November 22, 2011

_____

Before RILEY, Chief Judge, SHEPHERD, Circuit Judge, and WEBBER,[1] District
Judge.

_____

SHEPHERD, Circuit Judge.

       The United States appeals from an order issued by the district court sentencing
Darrin Bernard Raysor to 52 months imprisonment.  Because the district court erred
as a matter of law in failing to sentence Raysor to the mandatory minimum sentence
of 60 months for his conviction under 21 U.S.C. § 841, we reverse and remand for
resentencing.

_____

       [1] The Honorable E. Richard Webber, United States District Judge for the
Eastern District of Missouri, sitting by designation.

# I.

On December 9, 2009, Raysor began serving a five year sentence for his conviction in North Dakota state court for possession of marijuana with intent to deliver and theft of property. One day later, on December 10, 2009, Raysor was indicted by a federal grand jury and charged with conspiracy to possess with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment specifically alleged that as part of a conspiracy, Raysor and others distributed cocaine, cocaine base, and marijuana in North Dakota, Minnesota, and elsewhere.

A federal detainer was filed on December 14, 2009, at the state facility where Raysor was serving time on his state conviction. On December 21, 2009, a writ of habeas corpus ad prosequendum was issued to the state facility ordering that Raysor be transferred to federal authorities to answer the charges against him. Raysor made his initial appearance in federal court on the federal charges on January 11, 2010, and was detained.

On May 10, 2010, Raysor pled guilty to Count 1 of the federal indictment. By the terms of the plea agreement, Raysor and the United States agreed that Raysor's conduct involved distributing more than 20 grams but less than 35 grams of cocaine base and that the offense carried a 60 month mandatory minimum term of imprisonment. During the change of plea hearing, the court accepted the parties' stipulation as to the drug amount contained in the plea agreement.

A sentencing hearing was held on August 25, 2010. At the hearing, the district court indicated that it had reviewed the pre-sentence investigation report, which noted the 60 month mandatory minimum sentence set by statute. Raysor and the United States both recommended that the trial court impose the mandatory minimum 60 month sentence, to run concurrent with the state sentence Raysor was already serving.

However, over the Government's objection, the district court sentenced Raysor to 52 months imprisonment and 4 years of supervised release to run concurrent to Raysor's state sentence. In setting Raysor's sentence of imprisonment at 52 months, the district court stated that it had made an adjustment to Raysor's sentence pursuant to United States Sentencing Commission, <u>Guidelines Manual</u>, §5G1.3. (Sentencing Tr., Aug. 25, 2010, at 6.) The court reasoned that such an adjustment was warranted "to take into account the time that [Raysor] already served [on his state sentence] which should be concurrent" to his federal sentence. (<u>Id.</u>)

## II.

The United States appeals Raysor's sentence, arguing that the district court erred in sentencing Raysor to 52 months rather than the 60 month mandatory minimum set by 21 U.S.C. § 841(b)(1)(B). "This court reviews 'the district court's interpretation and application of § 5G1.3 de novo.'" <u>United States v. Williams</u>, 557 F.3d 556, 563 (8th Cir. 2009) (quoting <u>United States v. Hurley</u>, 439 F.3d 955, 957 (8th Cir. 2006)).

"Section 5G1.3 addresses the sentencing of a defendant subject to an undischarged term of imprisonment." <u>United States v. Bauer</u>, 626 F.3d 406, 408 (8th Cir. 2010). Our recent precedent has made clear that subsections (b) and (c) of section 5G1.3 uniquely apply in different scenarios. "[S]ubsection (b) applies only where a defendant is subject to an undischarged term of imprisonment for another offense that is 'relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense.'" <u>United States v. Becker</u>, 636 F.3d 402, 407 (8th Cir. 2011). In contrast, "[w]hen a defendant has an undischarged sentence for offenses that are not relevant or only partially relevant to the instant offense, subsection (c) of § 5G1.3 applies rather than subsection (b)." <u>Becker</u>, 636 F.3d at 407-08.

In the present case, both parties concede that the applicable provision is section 5G1.3(c) because Raysor's state sentence was not "the basis for an increase in the offense level" for his federal offense as required by section 5G1.3(b). Under section 5G1.3(c), a sentencing judge may "impose a sentence that runs 'concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment.'" United States v. Jones, 628 F.3d 1044, 1048 (8th Cir. 2011). However, unlike section 5G1.3(b), which "allows sentencing judges to give defendants credit for a 'period of imprisonment,'" section 5G1.3(c) does not allow a district court to adjust a sentence for time served. Jones, 628 F.3d at 1048-49; see also Hurley, 439 F.3d at 957 (8th Cir. 2006) ("Subsection (c) does not allow a court to reduce a sentence directly . . . . There is no provision under § 5G1.3(c) for granting credit for time served.").

The disparity between subsections (b) and (c) in allowing credit for time served is a reflection of the policy considerations backing each subsection. Pursuant to subsection (b), the district court may adjust a sentence for time served on a related sentence where conduct from the related sentence was the basis for an increase in the federal offense level. "This policy protects a defendant 'against having the length of his sentence multiplied by duplicative consideration of the same criminal conduct.'" Williams, 557 F.3d at 563 (quoting Witte v. United States, 515 U.S. 389, 405 (1995)). This policy against double-counting is not furthered where subsection (c) is implicated because the federal sentence is in no way enhanced as a result of the separate state sentence. See United States v. Lyons, 47 F.3d 309, 311 (8th Cir. 1995) (per curiam) (finding that applying section 5G1.3(c) to make the "federal sentence concurrent with the remainder of [the defendant's] unexpired state sentence . . . achieved the desired result of giving [the defendant] some sentencing credit for the overlap in his state and federal offense conduct, and also of imposing some incremental punishment for the instant offenses" (emphasis omitted)).

At the sentencing hearing, the district court stated that it adjusted Raysor's mandatory minimum sentence set by 21 U.S.C. § 841 by giving credit for time served under section 5G1.3. Yet because the applicable Guidelines provision is section

5G1.3(c), the district court did not have authority to make such an adjustment for time served. As a result, the district court's sentencing decision was in error and must be reversed.

Raysor argues that even though section 5G1.3(c) does not allow for an adjustment for time served, it still allows the district court discretion to downwardly depart to "ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings." See USSG §5G1.3, comment. (n.3(E)). This argument fails because "the only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. §§ 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision." United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (citation omitted); see also United States v. Watts, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums.").[2]

---

[2] Because our decision is limited to section 5G1.3(c), we do not address whether section 5G1.3(b) grants a district court authority to sentence below a mandatory minimum set by statute. In United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994), we found that a district court erred in stating that it had no discretion under section 5G1.3(b) to reduce the defendant's mandatory minimum sentence under 18 U.S.C. § 924(e)(1) for the time that the defendant served in state prison as a result of the same course of conduct. Kiefer, 20 F.3d at 877. We note, however, that our decision in Kiefer placed specific emphasis on the language in section 924(e)(1), which required that a person with three prior violent felony convictions and who violated section 922(g) should be "imprisoned not less than fifteen years." Kiefer, 20 F.3d at 876 (emphasis added). Furthermore, Kiefer was decided in 1994 when the Sentencing Guidelines were viewed as mandatory. As a result of United States v. Booker, 543 U.S. 220 (2005), and its progeny, the Guidelines are now advisory only. Therefore, whether Kiefer's holding is still good law and to what extent remains an open question.

Likewise, Raysor's argument that the district court had discretion to adjust his sentence under 18 U.S.C. § 3584 also fails. Raysor is correct that under section 3584, a "district court has broad discretion to determine whether a sentence should be consecutive or concurrent." United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (per curiam). However, determining whether a sentence is to run consecutively or concurrently is distinct from whether a defendant should be given credit for time served. Section 3584 does not include any language authorizing a court to adjust a sentence for time served, and we decline to read such authority into the statute.

## III.

We reverse the sentencing decision of the district court. Raysor's sentence is vacated and the case is remanded for resentencing.

_____