# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2796

_____

United States of America,           *
                                    *

        Appellee,         *

                                    *   Appeal from the United States
     v.                        *   District Court for the
                                    *   Eastern District of Missouri.

Timothy C. Burch,          *

                                    *

        Appellant.       *

_____

Submitted: March 16, 2005
Filed: May 11, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Timothy C. Burch (Burch) pled guilty, without a plea agreement, to one count of possessing with intent to use five or more identification and false identification documents, in violation of 18 U.S.C. § 1028(a)(3). The district court[1] sentenced Burch to 51 months imprisonment, to run concurrently with the remainder of his state sentences, but without credit for time already served on his undischarged state sentences. On appeal, Burch contends the district court erred in not applying section 5G1.3(b) of the United States Sentencing Guidelines (Guidelines) to credit his federal

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

sentence with the time already served on his undischarged state sentences. We affirm.

## I. BACKGROUND

In December 2001, Missouri authorities arrested Burch for driving while intoxicated. During Burch's arrest, officers discovered Burch possessed a number of false identifications, fraudulent credit cards, and a hotel key card. Pursuant to a federal search warrant, officers searched Burch's hotel room. Officers discovered evidence tying Burch to identity fraud, including a computer, digital cameras, photo paper, software used to write checks on a computer, false driver's licenses, social security cards bearing other individuals' names, a box of blank laminated identification cards, blank business and personal checks, counterfeit checks made payable to other individuals, and various identification cards bearing Burch's name.

On March 26, 2004, Burch pled guilty, without a plea agreement, to one count of identification fraud, in violation of 18 U.S.C. § 1028(a)(3). The United States Probation Office prepared a presentence investigation report (PSR), which reported Burch had undischarged prison sentences in Missouri, Wisconsin, and Iowa. In April 2002, a Missouri circuit court sentenced Burch to five years in prison for three counts of forgery. In January 2003, a Wisconsin circuit court sentenced Burch to eight years in prison for two counts of forgery, to be served concurrently with the Missouri sentence. In July 2003, an Iowa district court sentenced Burch to five years in prison for forgery to be served consecutively to five years in prison for tampering with records. The PSR also stated, "[b]ecause the defendant is subject to an undischarged term of imprisonment, the provisions of Section 5G1.3 may apply."

Burch objected to the PSR's failure to credit time he had already served under the Missouri sentence, because "[t]his conduct was 'relevant conduct' and used, in part, to establish the loss for which [Burch] is accountable in this case." In response to Burch's objection, the government argued the Missouri conduct was too remote,

-2-

because the Missouri conduct occurred "in 1997 through June of 1999," while "the crimes presently before the Court" occurred in 2001.

At sentencing, the parties submitted a "Joint Stipulation and Guidelines Recommendation and Defendant's Waiver of Rights and Consent to Apply the United States Sentencing Guidelines" (Joint Stipulation). In the Joint Stipulation, Burch waived his rights under the Sixth Amendment and Blakely v. Washington, 124 S. Ct. 2531 (2004). The parties further agreed the Iowa and Wisconsin sentences "are for conduct that is relevant conduct in this federal case[,]" and, accordingly, the Iowa and Wisconsin sentences should run concurrently with the sentence imposed in the instant case.

After receiving the Joint Stipulation, the district court questioned the government's position that the Iowa and Wisconsin sentences should run concurrently with the federal sentence:

| The Court: | In your paragraph two, page three [of the Joint Stipulation], you state that the federal sentence is to be imposed concurrently with the Iowa and Wisconsin sentences. . . . Do you agree that's applicable . . . ? |
| --- | --- |
| The Government: | Your Honor, yes, I believe that each of those two sentences contain at least a portion of–a portion of the facts that went into those two convictions are relevant conduct in our case and, therefore, I believe it is appropriate for the sentences to run concurrently with those two. |
| The Court: | Well, [section 5G1.3(b)] is only applicable if the undischarged term of imprisonment resulted from the offenses that have been fully taken into account |

in the determination of the offense level for the instant case.

The Government:   To the best of my knowledge, that is the case.

The district court imposed a 51-month prison sentence, to run concurrently with the Iowa, Wisconsin, and Missouri sentences; three years supervised release; and restitution in the amount of $10,325.84. Despite the parties' stipulations, the district court declined to credit Burch's federal sentence with the time Burch had already served on the undischarged Iowa and Wisconsin sentences. The district court further refused to credit Burch's sentence for the time already served on the undischarged Missouri sentence "for the reasons set out in paragraph five of the answers of the government to the defendant's objections to the presentence investigation report." Burch reports that, as of the date of sentencing, he had served 12 months and 13 days of the Iowa sentence; 21 months and 9 days of the Wisconsin sentence; and 27 months and 11 days on the Missouri sentence.

## II.    DISCUSSION

Burch contends the district court erred in failing to credit his federal sentence for the time he already had served on state sentences in Iowa, Wisconsin, and Missouri. We review de novo a district court's interpretation of the Guidelines. United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004).

Section 5G1.3 deals with the sentencing of a defendant subject to an undischarged term of imprisonment. Subsection (b) applies when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under . . . § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense." U.S.S.G. § 5G1.3(b). Subsection (c) provides, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term

of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (Policy Statement).

Burch contends section 5G1.3(b) requires he receive credit for time he already served on his state sentences, because: (1) the government stipulated the conduct underlying the Iowa and Wisconsin sentences was "relevant conduct" for purposes of section 5G1.3(b); and (2) the Missouri sentence resulted from offense conduct that "clearly qualifies as relevant conduct and was fully taken into account in the offense level determination." In response, the government contends: (1) the Joint Stipulation was merely a recommendation which the district court was free to reject; and (2) Burch failed to meet his burden to prove entitlement to receive credit under section 5G1.3(b).

Because Burch pled guilty without a plea agreement, the Joint Stipulation was not governed by Federal Rule of Criminal Procedure 11(c)(1)(C). The district court correctly determined it was not bound by stipulated facts, because the Guidelines permit a district court to evaluate the evidence independently before imposing a sentence. See U.S.S.G. § 6B1.4 (Policy Statement) ("The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."); United States v. DeWitt, 366 F.3d 667, 671 (8th Cir. 2004) (stating "the district court correctly observed that it was not bound by the drug quantity or base offense level agreed to by the parties"). Therefore, the district court was free to determine whether Burch's state convictions involved conduct relevant to the instant offense.

In this case, the district court eschewed section 5G1.3(b), because the court found Burch's state convictions were not fully taken into account in calculating the federal offense level. The district court, therefore, imposed a sentence under section 5G1.3(c). A district court's choice between applying section 5G1.3(b) or section 5G1.3(c) usually turns upon the extent to which the offenses in question are related,

and such relatedness inquiries are necessarily fact-sensitive. See United States v. French, 46 F.3d 710, 717 (8th Cir. 1995) (holding a district court's determination of whether a state conviction was part of the same relevant conduct as the charged conduct, for purposes of section 5G1.3, is a factual finding reviewed for clear error). Accordingly, our appellate review is for clear error. Id. In light of Burch's failure to present evidence supporting his claim that the conduct underlying his state court convictions was "relevant conduct" for purposes of section 5G1.3(b), we hold the district court did not clearly err in declining to credit Burch's federal sentence for the time he already served on his state convictions.

Having reviewed the record and sentence in light of United States v. Booker, 125 S. Ct. 738, 765-66 (2005) and 18 U.S.C. § 3553(a), we further conclude the sentence, as imposed, is not unreasonable.

## III. CONCLUSION

For the reasons stated above, we affirm Burch's sentence.

_____