# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1708

———————

United States of America,        *

                                 *

           Appellee,        *

                                 *    Appeal from the United States

     v.                   *    District Court for the

                                 *    Northern District of Iowa.

Billy Neal Davis,           *

                                 *        [UNPUBLISHED]

           Appellant.     *

———————

Submitted: March 1, 2006
Filed:   March 20, 2006

———————

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Billy Neal Davis (Davis) pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Davis argues on appeal the district court[1] erred when, over his objection, it applied U.S.S.G. § 5G1.3(c) instead of section 5G1.3(b) and declined to adjust his sentence for time he had served on an undischarged term of imprisonment imposed in state court for burglary. See U.S.S.G. §§ 5G1.3(b) (if defendant has undischarged prison term for offense which was relevant conduct and basis for offense-level increase as to instant offense, court shall

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

adjust instant sentence to reflect time already served on undischarged term if Bureau of Prisons will not be giving credit, and shall run instant sentence concurrently with remainder of undischarged term) and 5G1.3(c), p.s. (court may run sentence for instant offense concurrently with or consecutively to undischarged prison term to achieve reasonable punishment for instant offense). We disagree. We see no clear error in the district court's determination that subsection (c) rather than (b) applied. See U.S.S.G. § 5G1.3, comment. (n.2(A)); United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005) (application of Guidelines is reviewed de novo and factual findings for clear error), cert. denied, 74 U.S.L.W. 3473 (U.S. Feb. 21, 2006) (No. 05-8557); United States v. Burch, 406 F.3d 1027, 1030 (8th Cir.) (decision whether to apply § 5G1.3(b) or (c) is usually fact-sensitive inquiry reviewed for clear error), cert. denied, 126 S. Ct. 667 (2005).

Finding neither clear factual error nor legal error, we affirm.
_____