# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1265

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Christopher Bauer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 2010
Filed: November 17, 2010

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

Christopher Bauer pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Bauer to 86 months imprisonment, to run concurrently with terms of imprisonment imposed in connection with eight Iowa state convictions. Bauer appeals his sentence, challenging the district court's conclusion Bauer was not entitled to credit for time served on one of the Iowa sentences for conduct relevant to the instant offense,

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

relying on United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 5G1.3(b). We affirm.

## I.  BACKGROUND

On August 27, 2005, Bauer was driving a 2000 Ford Excursion on a county road south of Jessup in Buchanan County, Iowa. A Buchanan County, Iowa Deputy Sheriff stopped Bauer for speeding. With Bauer's consent, officers searched the Excursion. The officers discovered and seized a Glock Model 17, 9mm handgun loaded with thirteen rounds of ammunition. Officers also seized auto parts Bauer had stolen that night in Burlington, Iowa, and auto parts and other items stolen a few nights before in LaPorte City, Iowa. At the time of the stop, Bauer was on probation for an April 12, 2005 felony burglary conviction in Buchanan County, Iowa. Officers arrested Bauer for two state offenses, Second Degree Theft by Possession, and Being a Felon in Possession of a Firearm. On March 29, 2006, Bauer received a sentence of 5 years imprisonment for the Second Degree Theft by Possession offense in Buchanan County, Iowa (Buchanan County offense).

On December 6, 2006, a federal grand jury in the United States District Court for the Northern District of Iowa returned a one-count indictment against Bauer on the charge of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 16, 2007, Bauer pled guilty pursuant to a plea agreement.

At the time of his sentencing on the federal charge, Bauer was serving eight Iowa state sentences, including the 5-year term imposed for the Buchanan County offense. The United States Probation Office prepared a presentence investigation report (PSR) recommending a four-level increase in Bauer's Guidelines offense level pursuant to U.S.S.G. § 2K2.1(b)(6) because Bauer possessed a firearm in connection with a felony—the Buchanan County offense. None of the seven other Iowa offenses affected Bauer's total offense level. After considering all the factors at 18 U.S.C.

§ 3553(a), the district court sentenced Bauer to 86 months imprisonment, to be served, pursuant to § 5G1.3(c), concurrently with the terms of imprisonment imposed in the eight Iowa state convictions. The district court did not award Bauer any credit for time served on the state sentences. Bauer did not appeal.

On June 2, 2008, Bauer filed a motion for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Bauer alleged ineffective assistance of counsel in failing to advise Bauer of the merits of an appeal. The district court granted partial relief, vacated the original judgment and imposed the same sentence. Bauer appeals.

## II.    DISCUSSION

Bauer argues the district court erred in failing to reduce his sentence under § 5G1.3(b) for time he served in connection with the Buchanan County offense. The government contends § 5G1.3(b) does not apply because the district court considered only one of Bauer's state offenses as relevant conduct to increase Bauer's offense level. We review the district court's interpretation of the Guidelines de novo and its factual findings related to the application of § 5G1.3 for clear error. See United States v. Burch, 406 F.3d 1027, 1029-30 (8th Cir. 2005).

Section 5G1.3 addresses the sentencing of a defendant subject to an undischarged term of imprisonment. The only issue before us is whether the district court properly applied § 5G1.3(c) rather than § 5G1.3(b) to the Buchanan County offense. Section 5G1.3(b) applies when "(a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under . . . § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense." Section 5G1.3(c) provides, "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Unlike § 5G1.3(b), § 5G1.3(c) does not authorize

the district court to grant credit for time served.  See U.S.S.G. § 5G1.3, cmt. n.3(E); United States v. Hurley, 439 F.3d 955, 957 (8th Cir. 2006).

Section 5G1.3(c) applies in cases in which a defendant is subject to an undischarged term of imprisonment for an unrelated crime.  See United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006).  Application Note 3(D) to § 5G1.3 provides:

> Complex Situations.—Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules.  In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.

This case, which involves multiple undischarged terms of imprisonment, only one of which was considered as relevant conduct to increase Bauer's offense level, presents just such a complex situation requiring the district court to apply § 5G1.3(c). See, e.g., Shafer, 438 F.3d at 1227 (explaining "[w]hen the defendant is subject to an undischarged term of imprisonment for an unrelated crime," under § 5G1.3(c), "the sentence for the instant offense may . . . run concurrently, partially concurrently or consecutively to the undischarged term of imprisonment to achieve a reasonable punishment"); United States v. Brown, 232 F.3d 44, 48-49 (2d Cir. 2000) (determining § 5G1.3(c) applies when only one of two concurrent state offenses was considered in determining defendant's federal sentence and "without credit for time served"); United States v. Kimble, 107 F.3d 712, 714-15 (9th Cir. 1997) (holding § 5G1.3(b) does not apply "when the 'undischarged term of imprisonment' results from multiple offenses, only some of which were taken into account in determining the defendant's offense level").

Bauer contends § 5G1.3(b) should apply to the Buchanan County offense and § 5G1.3(c) should apply to the seven remaining Iowa state offenses. Because the Buchanan County offense and Bauer's seven other undischarged terms of imprisonment seemingly call for the application of different rules, the district court correctly applied § 5G1.3(c) to all of Bauer's Iowa state offenses and imposed a sentence without credit for time served. Bauer's contention Application Note 3(D) does not apply to § 5G1.3(b) and only applies to different rules within the commentary to § 5G1.3(c) is unpersuasive.

Applying § 5G1.3(c) in cases involving multiple undischarged terms of imprisonment leaves the district court "free fully to consider . . . all of the potential permutations and complexities that can arise in a multiple-offenses context," including "the degree to which each of the offenses underlying the undischarged prison term was taken into account, the relative lengths of the various undischarged sentences, and any other relevant factors which might impact on the fairness of the sentence." Kimble, 107 F.3d at 715.

Notwithstanding this court's prior decision in Shafer and the clarity of Application Note 3(D), Bauer relies on United States v. Morris, 458 F.3d 757 (8th Cir. 2006), to support his contention that § 5G1.3(b) applies to cases involving multiple offenses, even though only one such offense impacts the defendant's offense level. In Morris, a panel of this court remanded a case to the district court to apply § 5G1.3(b) to a related offense where the defendant was serving both related and unrelated state sentences. Id. at 760-61. Bauer's reliance on Morris is misplaced.

First, to the extent our decisions in Shafer and Morris are inconsistent, Shafer is first in time and controls. See United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) (holding one panel of this court is bound by the decision of a prior panel); T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960 (8th Cir. 2006) (explaining when confronted with conflicting circuit precedent, the better practice is to follow the

earliest opinion as it should have controlled the subsequent panels that created the conflict). Second, <u>Morris</u> does not resolve the multiple-offenses issue raised in this case because the panel in <u>Morris</u> did not analyze the effect of multiple unrelated offenses on the application of § 5G1.3(b)—depriving the decision of any persuasive, as well as precedential, value on that issue. <u>See</u> <u>Prince v. Kids Ark Learning Ctr.</u>, __ F.3d __, No. 09-2365, 2010 WL 3767554, at *3 n.4 (8th Cir. Sept. 29, 2010) (per curiam) (noting implicit determinations of issues not raised or discussed do not constitute controlling precedent (citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 630-31 (1993) (reasoning stare decisis does not bind future courts on issues not squarely addressed)).

## III.   CONCLUSION

We affirm Bauer's sentence.

_____