**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30140 |
| Plaintiff - Appellee, | D.C. No. 9:06-cr-00062-DWM-1 |
| v. | |
| LINCOLN BENAVIDES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 9, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Lincoln Benavides ("Benavides") appeals his 300-month sentence for

conspiracy to distribute methamphetamine and distribution of methamphetamine.

We review the district court's interpretation of the Sentencing Guidelines

("Guidelines") de novo and the district court's application of the Guidelines to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

facts of this case for abuse of discretion. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Benavides first contends that the district court erred in its application of the Guidelines when it held that U.S.S.G. § 5G1.3(b) did not apply to Benavides's case. Specifically, Benavides argues that under U.S.S.G. § 5G1.3(b)(1) he was entitled to a credit toward his federal sentence for the time Benavides served on his undischarged state drug trafficking conviction. We disagree. Under the plain text of § 5G1.3(b), a credit adjustment is warranted when two conditions are met: (1) the undischarged term of imprisonment is relevant conduct to the instant offense; and (2) the undischarged term of imprisonment was the basis for an increase in the offense level for the federal offense. *United States v. Armstead*, 552 F.3d 769, 783–84 (9th Cir. 2008). The district court properly found that, although Benavides's state drug conviction was relevant conduct, the drug amount in that case was *not* the basis for an increase in the offense level for his federal drug trafficking crimes. Even excluding the methamphetamine associated with the state offense, the Presentence Report ("PSR") indicates that Benavides was responsible for more than 5 kilograms of drugs. Because Benavides did not object to the factual findings in the PSR, the district court was entitled to rely on it. *See* Fed. R. Crim. P. 32(i)(3)(A). Nor is *United States v. Morris*, 458 F.3d 757 (8th Cir. 2006),

to the contrary: there, the statutory language relating to armed career criminals, *see* U.S.S.G. § 4B1.4(b)(1), required the district court to sentence the defendant to the highest offense level. *Morris*, 458 F.3d at 760-61. In these circumstances, the district court did not abuse its discretion in declining to apply § 5G1.3(b) to Benavides's sentence.

Benavides further contends that his 300-month sentence is substantively unreasonable, especially in light of the fact that he has been diagnosed with multiple sclerosis. This argument is not persuasive because the record reveals that the district court fully considered Benavides's medical condition and the effect it would have upon him in the future. Moreover, the district court carefully considered the relevant 18 U.S.C. § 3553(a) sentencing factors and, after considering the totality of the circumstances, set forth a reasoned explanation for its decision to impose a 300-month sentence. In light of the sentencing record, we conclude that Benavides's 300-month sentence is not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). Finally, we do not look at departures independently, but rather, as part of the overall reasonableness inquiry. *See United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006).

AFFIRMED