# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2504

_____

United States of America,                *
                                       *

       Appellee,            * Appeal from the United States
                                       * District Court for the
      v.                    * Eastern District of Missouri.
                                       *

Shawn W. McDiffett,           * [UNPUBLISHED]
                                       *

       Appellant.           *

_____

Submitted: January 14, 2011
Filed: April 5, 2011

_____

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shawn W. McDiffett pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 72 months' imprisonment. McDiffett appeals his sentence, arguing that the district court[1] abused its discretion in ordering the sentence to run consecutively to McDiffett's undischarged Kansas sentences. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

In April 2008, McDiffett was conditionally released from a Kansas term of imprisonment. After he was arrested for the felon-in-possession offense, McDiffett's conditional release was revoked and he was returned to custody in Kansas to continue serving his sentences. McDiffett's state sentences were indeterminate, setting a minimum anticipated release date of April 1, 2010, and a maximum release date of March 21, 2023.

Following the entry of McDiffett's plea, a presentence investigation report (PSR) was prepared. Applying the U.S. Sentencing Guidelines (U.S.S.G.), the PSR calculated McDiffett's advisory sentencing range to be 92 to 115 months' imprisonment, based on a total offense level of 23 and a criminal history category of VI. The PSR noted that because McDiffett was serving an undischarged term of imprisonment, his federal sentence could run consecutively or concurrently to the state sentences. At sentencing, McDiffett requested that he be sentenced to 84 months' imprisonment and that his federal sentence run concurrently to his Kansas sentences.

The district court recognized that McDiffett might not begin his federal sentence until 2023, the maximum release date for the Kansas sentences. After noting that Kansas employed an unusual sentencing practice of aggregating multiple, indeterminate sentences, the district court sentenced McDiffett to 72 months' imprisonment to run consecutive to his state sentences.

On appeal, McDiffett contends that the district court abused its discretion in ordering that his federal sentence run consecutively to his undischarged, indeterminate Kansas sentences. We review a district court's decision to impose a consecutive sentence for reasonableness. United States v. Lomeli, 596 F.3d 496, 503 (8th Cir. 2010). The district court must explain its reasoning for imposing a concurrent or consecutive sentence so that we may "properly carry out the appellate review mandated by Booker." United States v. Tonks, 574 F.3d 628, 632 (8th Cir. 2009) (quoting United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006)).

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." 18 U.S.C. § 3584(a); see also U.S.S.G. § 5G1.3 cmt. n.3(C) (2009) ("[T]he Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation [of conditional release]."). In deciding whether to impose a concurrent or consecutive sentence, the district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b); U.S.S.G. § 5G1.3 cmt. n.3(A). Additionally, application note 3(A) to U.S.S.G. § 5G1.3 instructs the court to consider the type and length of the undischarged sentence, the time served on the undischarged sentence and the time likely to be served before release, the fact that the undischarged sentence may have been imposed in state court, and any other circumstance relevant to the determination of an appropriate sentence.

McDiffett contends that the district court failed to adequately consider the factors set forth in 18 U.S.C. § 3553(a) and in the commentary to U.S.S.G. § 5G1.3 when it decided to impose a consecutive sentence. We disagree. The district court discussed the seriousness of the offense, noting that the firearm was stolen and that the federal offense was committed while McDiffett was conditionally released from imprisonment. The PSR explained McDiffett's indeterminate state sentences, indicating the time served, the periods of parole and of conditional release, and the minimum and maximum release dates. The district court also inquired about the status of the Kansas revocation proceedings. McDiffett responded that although he was eligible for parole, the state had the option of "hold[ing] me until the year 2023 for my prior convictions." Accordingly, the district court was well aware that McDiffett's conditional release was revoked, that he was serving state sentences, that the sentences were indeterminate, and that he might not be released from his Kansas sentences until 2023. In imposing the 72-month sentence, the district court explained:

> That's a year less than what you requested from the Court and a downward variance. However, I'm not willing to run the sentences

concurrently. This sentence shall run consecutively to the . . . sentences you are currently serving for the State of Kansas . . . pursuant to the provisions of 5G1.3.

The sentencing transcript thus makes clear that the district court gave appropriate consideration to the sentencing factors and objectives. We conclude that the discussion of the § 3553(a) factors was sufficient to comply with 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 and that the consideration of the details of McDiffett's undischarged Kansas sentences comported with application note 3(A) to U.S.S.G. § 5G1.3.

To the extent McDiffett challenges the substantive reasonableness of his sentence, his argument is without merit. McDiffett fails to specify any error by the district court, beyond his contention that the sentence is greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a). Our review of the sentencing record satisfies us that McDiffett's consecutive sentence is substantively reasonable, particularly so given that the guidelines recommend the imposition of a consecutive sentence and that the 72-month sentence was below the advisory guidelines range.

The sentence is affirmed.

_____