# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3256

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry L. Harvey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 3, 2017
Filed: May 9, 2017
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jerry Harvey pled guilty to distribution of heroin in violation of 21 U.S.C. § 841(a), (b)(1)(C). The district court[1] sentenced him to 240 months imprisonment.

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Harvey appeals, arguing that the district court committed procedural error and imposed a substantively unreasonable sentence. We affirm.

In November 2014 Harvey acquired heroin and gave some to K.C.C., a 17 year old girl. She died the next morning because of the heroin she had consumed. Harvey was then charged with distributing heroin and causing the death of K.C.C. in violation of 21 U.S.C. § 841(a), (b)(1)(C). He pled guilty to the lesser included offense of distribution of heroin. Since Harvey's applicable guideline range was above the statutory maximum sentence, his advisory guideline sentence was the statutory maximum sentence of 240 months. See U.S.S.G. § 5G1.1(a). The district court sentenced him to 240 months imprisonment, and he appeals.

We review the sentence imposed by the district court for abuse of discretion. United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009). We must first determine whether the district court committed procedural error, such as "failing to consider the [18 U.S.C.] § 3553(a) factors" or failing to explain "adequately . . . the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). We then consider the substantive reasonableness of the sentence, taking "into account the totality of the circumstances." Id.

Harvey first argues that the district court committed procedural error by failing to explain adequately why a shorter sentence would not have been sufficient. Under 18 U.S.C. § 3553(a), a district court must "impose a sentence sufficient, but not greater than necessary," given the seriousness of the offense, the need to deter criminal conduct, the need to protect the public, and the educational, medical, and correctional needs of the defendant. A district court need not "provide a mechanical recitation of the § 3553(a) factors," but the record must show "that the district court actually considered [those] factors in determining the sentence." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009)).

Here, the record shows that the district court considered the required factors before determining the appropriateness of a 240 month sentence. The court first mentioned Harvey's compelling mitigating evidence. The court next discussed the seriousness of the offense and Harvey's pattern of criminal conduct, observing that his "reckless conduct through the years ha[d] caused deaths . . . [and] many people to suffer." The court concluded that "the aggravating circumstances of . . . the offense," Harvey's "background and history," and his "consistent pattern of criminal convictions . . . far outweigh[ed] any mitigating factors." It then declined to grant a downward variance from the 240 month advisory sentence. Given this record, the district court did not commit procedural error.

Harvey also challenges the substantive reasonableness of his sentence. Since the bottom of Harvey's applicable guideline range was above the statutory maximum, "the statutory maximum sentence is presumed reasonable." United States v. Leonard, 785 F.3d 303, 307 (8th Cir. 2015) (per curiam) (quoting United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006)). Harvey has not rebutted this presumption of reasonableness. Here, the district court chose "to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant," a choice that was "well within its wide latitude in weighing relevant factors" given the record before the court. See id. (internal quotation marks omitted). We therefore conclude that the district court's sentence was not substantively unreasonable.

Accordingly, we affirm the judgment of the district court.[2]

_____

_____

[2]We decline to consider the arguments raised in Harvey's pro se supplemental brief. See United States v. Halverson, 973 F.2d 1415, 1417 (8th Cir. 1992) (per curiam).