# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2979

_____

United States of America,

*Plaintiff - Appellee,*

v.

William Earl Morris,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2018
Filed: March 20, 2019

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted William Morris of several offenses, and the district court initially sentenced him to 420 months' imprisonment. One offense of conviction was unlawful possession of a firearm as a convicted felon, and the court enhanced Morris's sentence under the Armed Career Criminal Act (ACCA) based on his criminal history. *See* 18 U.S.C. § 924(e). In a first appeal, we vacated Morris's sentence after concluding that his Minnesota burglary convictions did not qualify as

violent felonies under § 924(e)(1), and that he was therefore not an armed career criminal. *See United States v. McArthur*, 850 F.3d 925, 937-40 (8th Cir. 2017). On remand, the district court[1] refashioned the sentences on two counts of conviction, and sentenced Morris to a total term of 380 months' imprisonment. Morris asserts that the district court made procedural and substantive errors, but we disagree and affirm.

Morris was convicted on four counts: aiding and abetting attempted murder in aid of racketeering, *see* 18 U.S.C. §§ 1959(a)(5) and 2, aiding and abetting assault with a dangerous weapon in aid of racketeering, *see id.* §§ 1959(a)(3) and 2, use and carrying of firearms during and in relation to a crime of violence, *see id.* § 924(c), and unlawful possession of a firearm as a previously convicted felon. *See id.* §§ 922(g)(1) and 924(e)(1). At the original sentencing, the court imposed a 360-month term for the felon-in-possession offense under the ACCA, and a 60-month consecutive term for the gun charge under § 924(c), for a total term of 420 months. The court also imposed concurrent sentences of 120 months for attempted murder and 240 months for assault with a dangerous weapon.

On remand, the court reimposed the sentences of 120 and 240 months, respectively, for attempted murder and assault, reduced the sentence on the felon-in-possession count to the statutory maximum of 120 months, and increased the consecutive sentence on the § 924(c) charge to 140 months. Therefore, the second proceeding reduced the total sentence from 420 months to 380 months.

Morris argues that the district court committed procedural error by giving an inadequate explanation for the new sentence. A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). An

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

explanation is sufficient if a district judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). A district judge will normally explain why he has rejected non-frivolous arguments for a variance, *id.* at 357, but even so, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008).

The district judge here "once again read through all the materials, including the parties' submissions," heard oral argument regarding the guideline range and possible variances, and said that he had "considered all of the arguments" and the "statutory sentencing factors." The judge explained that he had taken into account Morris's history and characteristics, the nature of the offense, the protection of the public, the potential for unwarranted sentencing disparities, and any signs of Morris's rehabilitation. The court ultimately concluded that a term of 380 months was sufficient, but not more than necessary, to serve the statutory purposes of sentencing.

Morris requested further explanation of the court's decision to select a term of 140 months for the violation of § 924(c) after imposing only 60 months at the first hearing. The court explained its view that 380 months was the "appropriate sentence," now that the ACCA did not apply, and that adjusting the mandatory consecutive sentence for the § 924(c) count was one way (but not the only way) to arrive at the appropriate total punishment. Morris also said he did not understand why the sentence was longer than the concurrent sentence that he received in state court for convictions arising out of the same events. The court explained that some of the federal charges included an additional element of racketeering, and that the state sentences would not result in Morris serving any additional prison time. The court elaborated that all of the offenses together could justify a life sentence, but that the court had chosen the specified terms for each count to give Morris what the court believed was the appropriate sentence.

We conclude the district court's statements and colloquy with Morris adequately explained the basis for his sentence. The court considered the relevant statutory factors, discussed some factors in detail, and responded to Morris's objections with further explanation. The record is sufficient to show that the court considered the parties' arguments and had a reasoned basis for the sentence imposed. There was no procedural error.

Morris also contends that the new sentence is substantively unreasonable, and we consider that question under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. Morris argues that the 380-month sentence is "grossly excessive," because he is no longer subject to the ACCA. In his view, the district court should simply have changed the sentence on the felon-in-possession charge from 240 months to 120 months, retained the original concurrent sentences of 120 and 240 months for attempted murder and assault, and adhered to the consecutive term of 60 months on the § 924(c) count. This approach would have resulted in a total sentence of 300 months rather than the 380 months actually imposed.

The government responds that Morris's "functional" advisory guideline range was 420 months to life imprisonment: the guideline range for attempted murder, assault, and felon-in-possession was 360 months to life, *see* PSR ¶ 127; USSG § 5G1.2(b)-(d), and the § 924(c) conviction required a consecutive term of at least 60 months. *See* USSG § 5G1.2(a). We presume that a sentence within the advisory guideline range is reasonable, *United States v. Chavarria-Ortiz*, 828 F.3d 668, 672 (8th Cir. 2016), and when a district court varies below the range, it is "nearly inconceivable" that the court abuses its discretion by declining to vary downward even further. *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

Morris complains that the district court gave insufficient weight to two factors: the lesser sentence imposed in state court for Morris's state crimes and the fact that he was not subject to the ACCA. But the district court addressed both contentions

and reasonably concluded that the relevant sentencing factors warranted a term of 380 months. That Morris did not qualify as an armed career criminal resulted in some reduction from the original sentence, and the court even declined to assess the full amount of prison time recommended by the advisory sentencing guidelines. The district court has wide latitude to weigh the relevant factors set forth in 18 U.S.C. § 3553(a), and we see no abuse of discretion in the chosen term of imprisonment.

The judgment of the district court is affirmed.

———————————————