# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2680

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Thor Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 15, 2019
Filed: September 23, 2019
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Joseph Thor Perkins pleaded guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a). The district court[1] sentenced him to 336 months in prison, a 24-month downward variance from the recommended Guidelines range. In addition to the standard $100 special assessment, the court

_____

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

imposed a $5,000 mandatory special assessment pursuant to 18 U.S.C. § 3014. On appeal, Perkins challenges the reasonableness of his sentence and the special assessment. After careful review of the record, we find no abuse of discretion. United States v. Starr, 533 F.3d 985, 1003 (8th Cir. 2008), and we affirm.

I.

Perkins agrees that the district court correctly determined that the Guidelines range for his offense began, and ended, at the statutory maximum of 360 months. Nor does he dispute the sentencing enhancements he received for the victims' ages, his sexual contact with them during the offense, the number of victims, and his past sex offenses. Perkins further acknowledges that the district court granted a 24-month downward variance to credit his guilty plea that spared victims from enduring a trial.

Although the recommended sentence was at the statutory maximum, Perkins claims that the district court procedurally erred by rejecting his request for a sentence at the statutory minimum by failing to meaningfully consider his mitigation argument and explain its reasoning. He also asserts that his sentence is substantively unreasonable because his conduct does not implicate more severe sentencing enhancements, by, for example, involving younger victims, abusing a special relationship, or widely distributing the images.

At sentencing, a district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016) (quoting United States v. Watson, 480 F.3d 1175,1177 (8th Cir. 2007)). The district court "is not required to recite the § 3553(a) factors mechanically or to make specific findings on the record about each factor." Id. at 584 (quotations omitted). Nor does every "argument advanced by a

defendant require[] a specific rejoinder." United States v. Morris, 918 F.3d 595, 597 (8th Cir. 2019) (quoting United States v. Grey, 533 F.3d 942, 944 (8th Cir. 2008)). A court need only adequately explain the reasons for the sentence to permit appellate review. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

In reviewing the reasonableness of a sentence, "when the bottom of the guidelines range is [at or] above the statutory maximum, the statutory maximum sentence is presumed reasonable." United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006). If the court imposes a sentence below the range suggested by the guidelines, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Worthey, 716 F.3d 1107, 1116 (8th Cir. 2013) (quoting United States v. Spencer, 700 F.3d 317, 322 (8th Cir. 2012)).

The sentencing transcript shows that Perkins's punishment is grounded in the § 3553(a) factors. It explained that Perkins was convicted of "one of the most serious offenses." The offense conduct was "not just pornography but actually being a predator to actual children" and that he "disregard[ed] the lives of those children." The court also considered the need for greater deterrence in light of Perkins' criminal history because he had continued "to ruin the lives of these children." Thus, the sentencing colloquy reflects "substantial insight into the reasons for [the court's] determination" as our precedent requires. Feemster, 572 F.3d at 463 (quoting United States v. Kane, 552 F.3d 748, 756 (8th Cir. 2009)).

We also find no error with the district court's alleged failure to consider the absence of other, more severe sentencing enhancements. Perkins's conduct was serious enough. He does not dispute that his conduct merited adding ten additional offense levels and even without accounting for his criminal history, his Guidelines range began and ended with the statutory maximum. This alone is sufficient to reject his request to be sentenced at the statutory minimum. Shafer, 438 F.3d at 1227. The court rejected his primary mitigation argument stating that "[t]reatment may or may not work," but it was unnecessary to address facts that did not apply.

Perkins also claims that the district court's discussion of his sexual activity with minors shows "the essence of his culpability" is statutory rape, and as such, his punishment should reflect that lesser culpability.[2] We flatly reject this argument. The plea agreement shows Perkins confessed to producing child pornography "us[ing] his Sony digital camera and Samsung Galaxy cellular telephone to produce hundreds of images and videos of the minor victims engages in sexual acts." On top of that, he "encouraged minors to meet him in person to engage in sexual acts with [him] and so that [he] could photograph the minors engaged in sexually explicit conduct." The district court merely fulfilled its duty to discuss the aggravating factors that supplied the basis for its decision to enhance his sentence. Therefore, we find no error in explaining that Perkins had greater culpability because in addition to producing child pornography he also molested children.

II.

We also hold that the district court did not clearly err by imposing the $5,000 special assessment. United States v. Kelley, 861 F.3d 790, 801 (8th Cir. 2017). Perkins is correct that only a "non-indigent person" is eligible for the assessment. See 18 U.S.C. § 3014 ("the court shall assess an amount of $5,000 on any non-indigent person"). When determining a defendant's indigency status under § 3014, a court should consider "both a defendant's current financial situation and his ability to pay in the future." Kelley, 861 F.3d at 801. At sentencing, the court weighed Perkins' ability to pay, noting that half of the assessment could be paid by his prison wages. Although he now asserts that his work history is "modest and spotty, at best," the district court could rely on Perkins touting his "strong work history" and the presentence investigation report's findings on his past wages. Additionally, Perkins bore the burden to prove he could not pay the assessment, a burden no doubt hindered

---

[2] Plain error review generally applies because Perkins failed to make this argument to the district court. See United States v. Kay, 717 F.3d 659, 663 (8th Cir. 2013). Because we find the court did not err, he cannot prevail under either the plain or clear error standards.

-4-

by his failure to provide a financial disclosure report. <u>United States v. Allmon</u>, 500 F.3d 800, 808 (8th Cir. 2007).

Perkins claims that because the court found he was unable to pay the minimum $50,000 fine it could not impose the $5,000 assessment. The district court relied on the presentence investigation report finding that Perkins could not pay a fine within the Guidelines range. Our precedent holds that "[i]t is incorrect for a court to impose a fine that the defendant has little chance of paying." <u>United States v. Berndt</u>, 86 F.3d 803, 808 (8th Cir. 1996). Although the same indigency standard applies, the amount of the fine is a factor that changes the analysis. We therefore reject Perkins's argument that his inability to pay a fine ten times larger than the assessment requires finding that he could not pay the assessment.

\* \* \*

Perkins's sentence and special assessment are affirmed.

_____